# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 23-586V

|  |  |
|---|---|
| CHRISTOPHER DERR, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: June 18, 2026 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Mary Novakovic, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On April 26, 2023, Christopher Derr filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered Guillain Barré syndrome following an influenza vaccine he received on September 27, 2021. Petition at 1. On May 13, 2024, I issued a ruling on entitlement finding Petitioner entitled to compensation. ECF No. 19. On February 24, 2026, I issued a decision awarding damages to Petitioner following briefing and an expedited "Motions Day" argument by the parties. ECF No. 33.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $33,582.34 (representing $29,886.00 in fees plus $3,696.34 in costs). Application for Attorneys' Fees and Costs ("Motion") filed March 27, 2026, ECF No. 40. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 40 at 2.

Respondent reacted to the motion on April 7, 2026, representing that he is satisfied that the statutory requirements for an award of fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent specifically notes, however, that Attorney Alexi Velez requests a high hourly rate relative to her "less than one year of experience in the Vaccine Program." Respondent's Response to Motion at 1, n. 1, ECF No. 42. On April 14, 2026, Petitioner filed a reply, reiterating that Attorney Velez's resume, accomplishments, and seniority are commensurate with her requested rate, and requests that the Fees Motion be granted in full. Reply at 1-2, n. 1, ECF No. 43.

Upon review of the billing record, I find that rates requested for attorney work performed through 2025 are reasonable and consistent with our prior determinations and will therefore be awarded herein. However, the requested rates for Ms. Velez warrant adjustment.

For Ms. Velez's time, Petitioner requests $511.00 per hour for work performed in 2025, and $550.00 for work performed in 2026. (Because Attorney Velez did not perform any work in this case in 2025, there is no need to "set" a rate for that year). Attorney Velez represents that she has been a licensed attorney since 2015, giving her 11 years of experience in 2026, and placing her in the tier of attorneys with 11-19 years of experience based on the OSM Attorneys' Forum Hourly Rate Fee Schedule ("Fee Schedule).[3] ECF No. 41, ¶ 5. Her requested rate fits within the $473.00-$592.00 range for attorneys with the same overall experience.

This appears to be Attorney Velez's first Vaccine Program case. But Petitioner contends that Attorney Velez's requested hourly rate is nevertheless justified. Reply at 1-2, n. 1. Petitioner emphasizes that Ms. Velez's more than ten years of "complex" experience, her record of "high-stakes," "precedent-setting" victories in private practice, her academic achievements and judicial appellate clerkship, her tenure at AmLaw 100 firms, and her private sector market rate of $1,075.00 per hour, are all fully transferrable

---

[3] The OSM Attorneys' Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claims website at https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules.

to the Vaccine Program, and thus support her requested rate. *Id*. at 1-2. Petitioner further argues that Program-specific experience is not the sole metric for a reasonable rate, and that special masters in setting rates should "consider a practitioner's overall legal experience as well as the quality of the work performed within the Program." *Id*. at 1 citing *McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17, 19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Thus, Petitioner argues that Ms. Velez's "newness" to the Vaccine Program  should be given less weight than her overall experience. *Id*.

Some discussion of how the *McCulloch* factors are applied in determining hourly rates is warranted. *McCulloch* sets out the factors that are paramount in deciding a reasonable forum hourly rate within the Vaccine Program. These factors include Vaccine Act-specific experience, overall legal experience, the quality of the work performed, and reputation in the legal community and community at large. *McCulloch*, 2015 WL 5634323, at *17; *see also* OSM Attorneys' Forum Hourly Rate Fee Schedule: 2026, Explanatory Note 10.

Application of these factors operates in two steps. An attorney's years in practice initially determines the applicable experience tier. *See id*., Explanatory Notes, 7, 9. After that, the remaining factors —experience in the Vaccine Program, quality of work performed, and reputation—determine where, *within* that experience tier, a reasonable rate falls. Each experience tier has a range, because attorneys with equal years in practice do not always warrant receiving the same rate. *McCulloch* also explains how the range within each experience tier is allocated. In setting the range for attorneys with comparable overall experience, "higher rates [are] to be paid to those with significant **vaccine experience** who perform quality work in these cases." *McCulloch*, 2015 WL 5634323, at *19 (emphasis added).

Thus, Petitioner's interpretation of *McCulloch* – that overall experience nullifies giving weight to a lack of Vaccine Program experience – is incorrect. Rather, *McCulloch* reserves the upper end of each tier for attorneys with significant, quality *vaccine* experience. *See McCulloch*, 2015 WL 5634323, at *19. The fact that a lawyer *before* arrival in the Program commanded high hourly rates in private practice is similarly not something that makes up for a lack of Vaccine Program experience. *McCulloch* addressed this consideration directly, finding that when awarding fees in the Vaccine Program, "comparisons from other practice areas were found unsatisfactory in various respects." *McCulloch*, 2015 WL 5634323, at *11 (noting that corporate billings were not comparable to fees paid by individuals, as they command high hourly rates because they represent the largest corporations, or wealthy individuals in high value litigation, or transactions where the market will bear high fees for representation by prestigious firms).

3

Therefore, Ms. Velez's hourly rate at her previous firm has no bearing on the Fee Schedule, nor does it justify her receiving a rate at the top of the range.

Applying the *McCulloch* factors in the correct manner, Attorney Velez's years in practice (overall legal experience) place her in the 11-19 years of experience tier, with a corresponding range of $473.00-$592.00. But her lack of specific expertise in Vaccine Act work means the rate she is awarded herein should fall on the lower reaches of that range. Attorney Velez was admitted to the USCFC bar in 2025, and this appears to be her first case in the Vaccine Program.[4]  She therefore lacks the significant Program experience for which *McCulloch* reserves rates at the higher end of the experience tier. And while the quality of her work may prove over time to be high, no assessment can be made at this early stage in her Program work about how that should impact the rate she is awarded.

Accordingly, having weighed the *McCulloch* factors, I find that **$480.00 per hour** is a reasonable rate for the work Attorney Velez performed in 2026. This rate credits her substantial general litigation experience by situating her within the prescribed experience tier, but also reflects her lack of Vaccine Program experience by placing her at the lower end of that tier. (Increases in future years can certainly be sought for her work). **This results in a reduction of the amount of attorney fees to be awarded of $700.00**.[5]

Regarding the time billed, I note this case required additional briefing regarding damages. *See* Petitioner's Motion for Ruling on Damages, filed Oct. 18, 2024, ECF No. 26; Petitioner's Reply to Respondents' Response to brief on damages, filed Feb. 4, 2025, ECF No. 29. Petitioners' counsel expended approximately 7.7 hours drafting the damages brief and 7.0 hours drafting the responsive brief for a combined total of 14.7 hours. ECF No. 40-1 at 7-8. But this amount of time was reasonable and will be awarded.

Petitioner has provided supporting documentation for all claimed costs. ECF No. 40-2 at 2-14. Respondent offered no specific objection to the amount sought. Accordingly, I find the requested costs reasonable and award them in full.

---

[4]  I also note that the ten hours Attorney Velez billed in this case for 2026 appear to be the first she has ever devoted to a Vaccine Program matter. Nevertheless, I acknowledge that she may have billed time in other Vaccine Program cases where a fee motion has not yet been filed. Thus, for the purpose of determining her rate, I credit Attorney Velez's Program experience beginning in 2025, when she was admitted to the USCFC bar.

[5] This amount consists of reducing Attorney Velez's rate for 2026 from $550.00 to $480.00 and is calculated as: ($550.00 - $480.00 = $70.00 x 10.0 hrs.) = $700.00.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. I award a total of **$32,882.34 (representing $29,186.00 in fees plus $3,696.34 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.